## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

EDWARD J. OWENS             *      CIVIL ACTION

VERSUS                    *      NUMBER: 06-7216

SCOTTSDALE INSURANCE COMPANY, ET AL.    *      SECTION "L"(3)

### ORDER & REASONS

Before the Court is the Plaintiff's Motion to Remand (Rec. Doc. 11). For the following reasons, the Plaintiff's motion is now GRANTED IN PART. Accordingly, Aparicio Walker and Seeling, Inc.'s Motion for Summary Judgment (Rec. Doc. 16) is DENIED as the Court does not have jurisdiction to hear this motion..

## I.  BACKGROUND

This case arises from a dispute regarding insurance coverage for the Plaintiff's property located at 235 Lakeview Drive in Slidell, Louisiana, which suffered damage as a result of Hurricane Katrina. The Defendants in this case are Scottsdale Insurance Company, the Plaintiff's homeowner's insurance carrier, Aparicio Walker and Seeling, Inc., an insurance agent, and Burns & Wilcox of Louisiana, Ltd., an insurance wholesaler.

In August of 2006, the Plaintiff filed the present action in the 22nd Judicial District Court for the Parish of St. Tammany, State of Louisiana. The Plaintiff alleges that it is entitled to payment for damages and losses to the property and its contents, in addition to bad-faith penalties under Louisiana law. The Plaintiff also alleges that the Defendants negligently advised the Plaintiff and failed to procure adequate insurance coverage as requested. Specifically, the Plaintiff alleges that he requested an increase in homeowner's coverage from $65,000 to

1

$125,000, but that the Defendants did not procure the requested coverage.

Scottsdale removed this case to federal court on October 3, 2006, contending that this Court has jurisdiction under the Multiparty, Multiforum Trial Jurisdiction Act, 28 U.S.C. § 1369. On November 1, 2006, the Plaintiff filed the instant motion to remand.

## II.     LAW & ANALYSIS

The removing defendant bears the burden of demonstrating that federal jurisdiction exists and therefore that removal was proper.  *See Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir. 1993).  As a general matter, the removal statute is to be construed narrowly and in favor of remand to state court.  *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941).  Indeed, "doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction."  *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).  Accordingly, all disputed questions of fact must be resolved in favor of the non-moving party.  *See Burden v. Gen. Dynamics Corp.*, 60 F.3d 213, 216 (5th Cir. 1995).

Scottsdale asserts that federal jurisdiction exists under the Multiparty, Multiforum Trial Jurisdiction Act ("MMTJA").  Scottsdale contends that removal was proper pursuant to 28 U.S.C. § 1441(e)(1)(B) because it is a party to *Abadie v. Aegis Sec. Ins. Co.*, No. 06-5164 (E.D. La. filed Aug. 28, 2006), which is pending in this District and which Scottsdale argues could have been brought under 28 U.S.C. § 1369.

Section 1369 creates original federal jurisdiction over "any civil action involving minimal diversity between adverse parties that arises from a single accident, where at least 75 natural persons have died in the accident at a discrete location."  28 U.S.C. § 1369(a).  The Eastern District has consistently found that the MMTJA does not confer federal jurisdiction over

cases arising out of Hurricane Katrina, in part because the requisite number of deaths did not occur at a "discrete location."  *See, e.g., Southall v. St. Paul Travelers Ins. Co.*, No. 06-3848, 2006 WL 2385365, at *5-6 (E.D. La. Aug. 16, 2006); *Flint v. La. Farm Bureau Mut. Ins. Co.*, No. 06-2546, 2006 WL 2375593, at *2-4 (E.D. La. Aug. 15, 2006).  Moreover, one court in this district has specifically concluded that the *Abadie* action could not have been brought under § 1369.  *See Case v. ANPAC La. Ins. Co.*, ___ F. Supp. 2d ___, 2006 WL 3615064, at *6-15 (E.D. La. Dec. 11, 2006).  This Court agrees and finds that the MMTJA does not confer federal jurisdiction in this case.

## III.  CONCLUSION

For the foregoing reasons, IT IS ORDERED that the Plaintiff's Motion to Remand (Rec. Doc. 11) is GRANTED IN PART and that this matter is hereby REMANDED to the 22nd Judicial District Court for the Parish of St. Tammany, State of Louisiana.  However, the Plaintiff's request for attorneys' fees and costs is DENIED.

IT IS FURTHER ORDERED that Aparicio Walker and Seeling, Inc.'s Motion for Summary Judgment (Rec. Doc. 16) is DENIED as the Court does not have jurisdiction to hear this motion.

New Orleans, Louisiana, this  21st  day of   February  , 2007.

_____

UNITED STATES DISTRICT JUDGE